01

02

03

04

05

06

07                           UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
08                                    AT SEATTLE

09   NORTHWEST ADMINISTRATORS, INC., )   CASE NO. C10-0194-MAT
                                     )
10            Plaintiff,             )
                                     )
11       v.                          )   ORDER GRANTING
                                     )   PLAINTIFF'S MOTION FOR
12   ACE PAVING CO., INC.,           )   SUMMARY JUDGMENT
                                     )
13            Defendant.             )
     _____ )

14

15                                  INTRODUCTION

16        Plaintiff Northwest Administrators, Inc. moves the Court for summary judgment

17   against defendant Ace Paving Co., Inc.  (Dkt. 8.)  This matter was brought pursuant to the

18   Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. (ERISA), to recover

19   remittance reports, trust fund contributions, liquidated damages, interest, attorney's fees, and

20   courts costs from defendant based on its labor agreement with Teamsters Local 589, the

21   Teamsters Construction Industry Welfare Trust Agreement (TCWT), and the Western

22   Conference of Teamsters Pension Trust Agreement (WCTPT).  Plaintiff is the authorized

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -1

01 administrative agent for and assignee of the TCWT and the Washington Teamsters Welfare

02 Trust (WTWT), the latter of which became the successor trust following a merger effective

03 January 1, 2010.

04     Following the filing of this lawsuit, defendant provided remittance reports and made all

05 necessary payments, including liquidated damages, under the WCTPT for the time period at

06 issue, November 2009 through January 2010.   Defendant also provided remittance reports and

07 paid contributions under the TCWT for this same time period.   However, defendant failed to

08 timely submit the TCWT contributions for the months of November and December 2009.   The

09 only remaining issue in this lawsuit is, therefore, whether defendant remains liable for

10 liquidated damages, interest, and attorney's fees for that time period.[1]

11     Plaintiff seeks liquidated damages in the amount of $1,328.60 for November 2009 and

12 $2,000.57 for December 2009, for a total liquidated damages award of $3,329.17, interest in the

13 amount of $1.99, and attorney's fees in the amount of $6,361.75.   (*See* Dkts. 16-18.)

14 Defendant contends the liquidated damages sought are unenforceable under Washington and

15 federal common law as penalties and are not otherwise recoverable under ERISA.   (Dkt. 12.)

16 It seeks attorney's fees for its defense of this motion pursuant to 29 U.S.C. § 1132(g)(1).

17 However, for the reasons described below, the Court finds plaintiff entitled to summary

18 judgment and the liquidated damages, interest, and attorney's fees requested.

19                                    <u>BACKGROUND</u>

20     On or around July 28, 2003, defendant and Teamsters Local 589 entered into an

21

22 ───────────────

1 Defendant made a payment in early August 2010 covering court costs and all but a small amount of interest.   (Dkt. 17, ¶ 5.)

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -2

01  agreement entitled the Heavy Construction Compliance Agreement.  (Dkt. 9, Ex. B.)   In so

02  doing, defendant agreed to be bound by the June 1, 2003 through May 31, 2007 collective

03  bargaining agreement between the Associated General Contractors of America, Inc., and

04  several Teamsters Locals, including Local 589, and any successor collective bargaining

05  agreements.  (*Id.*)  It also agreed to be bound by the TCWT.  (*Id.* and Ex. A.)   Defendant

06  and Local 589 are currently parties to a collective bargaining agreement effective June 1, 2007

07  through May 31, 2012.  (*Id.*, Ex. C.)   The agreement requires defendant to make contributions

08  to the Teamsters Construction Industry Fund for all employees covered by the agreement on or

09  before the tenth day of the month following the month in which the relevant hours were worked.

10  (*Id.* at 13 (Section 7.2.1.))

11          Pursuant to the TCWT, a participating employer who makes delinquent contributions is

12  required to pay liquidated damages in an amount equal to twenty percent of the delinquent

13  contributions owed and interest on those delinquent contributions at the rate of twelve percent

14  per annum from the date the contributions became due and payable until the contributions are

15  paid.  (*Id.*, Ex. A (Amendment to TCWT).)  (*See also* Dkt. 4, ¶7 (defendant admits in its

16  Answer "that the Trust Agreements between Defendant and the Plaintiff Trusts contain

17  provisions providing for payment of interest and liquidated damages under certain

18  circumstances."))   It also requires the payment of reasonable attorney's fees, costs, and other

19  reasonable expenses incurred in the collection of delinquent contributions.   (Dkt. 9, Ex. A.)

20          Plaintiff, as the TCWT's authorized agent and assignee, receives monthly remittance

21  reports from employers setting forth contributions owing for that month.  (*Id.*, ¶ 20.)   It did

22  not receive any such reports from defendant for the months of November and December 2009.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -3

01 (*Id.*, ¶¶ 20-22.)   By letter dated January 27, 2010, counsel for plaintiff requested from

02 defendant the monthly reports and contribution payments for the period of November 2009 and

03 beyond.   (*Id.*, Ex. D.)   It thereafter, on February 1, 2010, filed the lawsuit under consideration.

04 (Dkt. 1.)   On February 10, 2010, plaintiff received the TCWT remittance reports and

05 contributions owed from defendant for November and December 2009.   (Dkt. 9, ¶ 24 and Ex.

06 E.)   Defendant did not submit associated liquidated damages.   (*Id.*, ¶ 27; Dkt. 13, ¶10.)

07                                          DISCUSSION

08         Summary judgment is appropriate when "the pleadings, depositions, answers to

09 interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

10 genuine issue as to any material fact and that the moving party is entitled to a judgment as a

11 matter of law."   Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

12 The moving party is entitled to judgment as a matter of law when the nonmoving party fails to

13 make a sufficient showing on an essential element of his case with respect to which he has the

14 burden of proof.   *See Celotex*, 477 U.S. at 322-23.

15         Genuine issues of material fact that preclude summary judgment are "disputes over

16 facts that might affect the outcome of the suit under the governing law[.]"   *Anderson v. Liberty*

17 *Lobby, Inc.*, 477 U.S. 242, 248 (1986).   In deciding a summary judgment motion, the Court

18 must view all facts and inferences therefrom in the light most favorable to the nonmoving party.

19 *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).   "[A] party opposing a

20 properly supported motion for summary judgment may not rest upon mere allegation or denials

21 of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."

22 *Anderson*, 477 U.S. at 256 (citing Fed. R. Civ. P. 56(e)).

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -4

01          Plaintiff here seeks liquidated damages, interest, and attorney's fees based on

02   defendant's failure to timely submit its TCWT contributions for the months of November and

03   December 2009.  Defendant objects to plaintiff's motion, contending the damages sought are

04   unenforceable and void as a penalty, and that ERISA does not mandate such damages until the

05   entry of a judgment.[2]  As discussed below, both of defendant's contentions lack merit.

06   A.    Law Governing Liquidated Damages

07          Defendant states that it was not provided an opportunity to negotiate any of the

08   provisions of the TCWT prior to entering into the agreement or provided any explanation as to

09   the relation of the liquidated damages provision to any actual damages suffered as the result of

10   unpaid contributions.  (Dkt. 13, ¶¶ 6-7.) Defendant also states that the damages it has been

11   forced to pay over the past two years, as a result of the downturn in the economy and resulting

12   loss in revenues, has forced the delay in its ability to make required contributions.   (*Id.*, ¶¶ 8-9.)

13          Defendant posits that the TCWT liquidated damages provision is unenforceable as a

14   penalty under both state and federal common law.  *See*, *e.g.*, *Walter Implement, Inc. v. Focht*,

15   107 Wn.2d 553, 558-59, 730 P.2d 1340 (1987) ("'A provision in a contract which bears no

16   reasonable relation to actual damages will be construed as a penalty.'"; applying a two part test

17   to determine whether a liquidated damages clause may be enforced: "First, the amount fixed

18   must be a reasonable forecast of just compensation for the harm that is caused by the breach.

19   Second, the harm must be such that it is incapable or very difficult of ascertainment.") (quoting

20

21   2 In summarizing the "issues presented" in its brief, defendant states that there are genuine issues of
     material fact regarding both the legality of the liquidated damages provision at issue in this case and the
22   availability of liquidated damages under ERISA.  (Dkt. 12 at 3.)   However, defendant did not
     thereafter identify any particular factual dispute.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -5

01     *Northwest Collectors, Inc. v. Enders*, 74 Wn.2d 585, 594, 446 P.2d 200 (1968)); *Idaho*

02     *Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d

03     212, 215 (9th Cir. 1989) (for a liquidated damages provision to be deemed void as a penalty

04     under federal common law it must meet two conditions:  "First, the harm caused by a breach

05     must be very difficult or impossible to estimate. Second, the amount fixed must be a reasonable

06     forecast of just compensation for the harm caused.") (citations omitted).  However, for the

07     reasons asserted by plaintiff and discussed below, this argument fails.

08         ERISA obligates participating employers to make contributions to a multi-employer

09     trust fund in accordance with the contract and trust agreement.  *See* ERISA Section 515, 29

10     U.S.C. § 1145.  It provides, at § 1132(g)(2), specific remedies for delinquent contributions,

11     including, in addition to the unpaid contributions, liquidated damages, interest, attorney's fees,

12     and costs.  As noted, defendant is also bound by a trust agreement containing terms as to

13     damages owed as a result of delinquent contributions.  (Dkt. 9, Exs. A-C.)

14         "Section 1132(g)(2) is 'mandatory and not discretionary.'" *Northwest Adm'rs Inc. v.*

15     *Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996) (quoting *Operating Eng'rs Pension Trust v.*

16     *Beck Eng'g & Surveying, Co.*, 746 F.2d 557, 569 (9th Cir. 1984)).  Entitlement to a mandatory

17     § 1132(g)(2) award requires that: "(1) the employer must be delinquent at the time the action is

18     filed; (2) the district court must enter a judgment against the employer; and (3) the plan must

19     provide for such an award."  *Id.*  (citing *Idaho Plumbers & Pipefitters Health & Welfare*

20     *Fund,* 875 F.2d at 215).

21         Here, it is undisputed that defendant was delinquent in making its contributions at the

22     time plaintiff filed this suit and that the trust agreement provides for liquidated damages,

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -6

01   interest, attorney's fees, and courts costs.   Also, as discussed further below, "mandatory fees

02   are available under § 1132(g)(2) 'notwithstanding the defendant's post-suit, pre-judgment

03   payment of the delinquent contributions themselves.'"   *Id.* at 258 (quoting *Carpenters*

04   *Amended & Restated Health Benefit Fund v. John W. Ryan Constr. Co.*, 767 F.2d 1170, 1175

05   (5th Cir. 1985)).   Plaintiff is, accordingly, entitled to liquidated damages, interest, and

06   attorney's fees under § 1132(g)(2).

07         Defendant's reliance on state and federal common law is unavailing.   ERISA contains

08   an expansive preemption provision.   *See generally* 29 U.S.C. § 1144 (a) (ERISA "shall

09   supersede any and all State laws insofar as they may now or hereafter relate to any employee

10   benefit plan" covered by ERISA) and (c)(1) ("'State law' includes all laws, decisions, rules,

11   regulations, or other State action having the effect of law[.]");   *Egelhoff v. Egelhoff*, 532 U.S.

12   141, 146 (2001) (observing that ERISA's preemption provision is "'clearly expansive.'")

13   (sources omitted); *General Am. Life Ins. Co. v. Castonguay*, 984 F.2d 1518, 1521 (9th Cir.

14   1993) ("ERISA's preemption clause is one of the broadest ever enacted by Congress, and it

15   preempts even generally applicable laws, not just laws aimed exclusively at employee benefit

16   plans[.]") (internal citations omitted).

17         Section 1132(g)(2)(C)(ii) specifically allows for a grant of "liquidated damages

18   provided for under the plan in an amount not in excess of 20 percent[.]"   Defendant fails to

19   support the contention that the liquidated damages provision at issue here, allowing for twenty

20   percent of delinquent contributions owing (Dkt. 9, Ex. A), may escape preemption.

21         Indeed, plaintiff entirely ignores the issue of preemption, focusing instead on

22   distinguishable and inapplicable state and federal common law.   For instance, in the Ninth

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -7

01  Circuit decision relied upon by plaintiff, *Idaho Plumbers & Pipefitters Health & Welfare*

02  *Fund*, 875 F.2d at 215, the Court noted that § 1132(g)(2) did not apply because there were no

03  unpaid contributions at the time the suit in that case was filed.   *See also*, *e.g.*, *Board of Trustees*

04  *of Local 41, Int'l Bhd. of Elec. Workers Health Fund v. Zacher*, 771 F. Supp. 1323, 1332

05  (W.D.N.Y. 1991) (same); *Walter Implement, Inc.*, 107 Wn.2d at 555-59 (considering contract

06  claim under state law).   The Ninth Circuit also read the legislative history to indicate that

07  "Congress intended only to preempt laws limiting liquidated damages to an amount below the

08  20% level *when the terms of § 1132(g)(2) are satisfied*."   *Idaho Plumbers & Pipefitters Health*

09  *& Welfare Fund*, 875 F.2d at 217 (emphasis in original).   Here, as stated above and discussed

10  further below, the terms of § 1132(g)(2) are satisfied.   The state and federal common law cases

11  relied on by defendant are, therefore, inapposite, and plaintiff is entitled to the liquidated

12  damages, interest, and attorney's fees sought.

13  B.   Liquidated Damages Award Prior to Judgment

14      Section 1132(g)(2)(C)(ii) provides for an award of liquidated damages "in an action to

15  recover delinquent contributions . . . in which a judgment in favor of the plan is awarded[.]"

16  Defendant avers that this provision, therefore, allows for liquidated damages only once a

17  judgment has been awarded.   *See Idaho Plumbers & Pipefitters Health & Welfare Fund*, 875

18  F.2d at 215 (§ 1132 (g)(2)(C)(ii) "applies when (1) the fiduciary *obtains a judgment* in favor of

19  the plan, (2) unpaid contributions exist at the time of suit, and (3) the plan provides for

20  liquidated damages.")   (emphasis added).   Relying on a Sixth Circuit decision supporting this

21  reading of § 1132(g)(2), defendant maintains that, because it paid all contributions owing,

22  plaintiff's action – seeking liquidated damages alone – necessarily fails.   *In re Michigan*

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -8

01 *Carpenters Council Health & Welfare Fund*, 933 F.2d 376, 388 (6th Cir. 1991) (concluding

02 that § 1132(g)(2)(A) and (B) "apply only if there were unpaid contributions on the date of the

03 award" because § 1132(g)(2) "provides that upon 'a *judgment* in favor of the plan' the court

04 shall award the plan '*the* unpaid contributions' and 'interest on *the* unpaid contributions.'")

05 (quoting § 1132(g)(2)(A) and (B)) (emphasis added by court).   However, defendant fails to

06 support this reading of § 1132(g)(2) under Ninth Circuit law.

07           As stated above, the Ninth Circuit has held that "mandatory fees are available under §

08 1132(g)(2) 'notwithstanding the defendant's post-suit, pre-judgment payment of the delinquent

09 contributions themselves.'" *Northwest Adm'rs Inc.*, 104 F.3d at 258 (quoting *Carpenters*

10 *Amended & Restated Health Benefit Fund*, 767 F.2d at 1175).   In so doing, the Ninth Circuit

11 rejected the contention that an employer was not obligated to pay liquidated damages and

12 attorney's fees on contributions voluntarily paid prior to the entry of a judgment.   *Id.*

13           It appears that, excluding the Sixth Circuit, every Court of Appeals to consider the issue

14 concurs with the Ninth Circuit.   *See UAW Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501

15 F.3d 283, 288-89 (3d Cir. 2007) (§ 1132(g)(2) remedies apply to all contributions unpaid at the

16 time a suit is filed, even if the debts are partially satisfied before judgment); *Operating Eng'rs*

17 *Local 139 Health Benefit Fund v. Gustafson Constr. Corp.*, 258 F.3d 645, 654 (7th Cir. 2001)

18 ("The interest and liquidated-damages provisions of ERISA apply . . . only to contributions that

19 are unpaid at the date of suit (not the date of judgment, as argued by the defendant."); *Iron*

20 *Workers Dist. Council v. Hudson Steel Fabricators & Erectors, Inc.*, 68 F.3d 1502, 1507 (2d

21 Cir. 1995) ("[T]he provisions of § 1132(g)(2)(B) and (C) make reference to unpaid

22 contributions not to establish a limit on qualifying judgments, but rather because the amount of

01   an award of interest or liquidated damages should logically be predicated upon the amount of

02   the unpaid contributions originally at issue, whether or not outstanding at the time of judgment,

03   since that amount correctly measures the damage caused by the delinquency.")   *See also*

04   *Carpenters & Joiners Welfare Fund v. Gittleman Corp.*, 857 F.2d 476, 478 (8th Cir. 1988)

05   (agreeing that "unpaid contributions" accounted for in § 1132(g)(2) means "contributions

06   unpaid at the time suit was filed[.]")

07        These decisions reflect the intention that an employer not "escape its statutory liability

08   for interest, liquidated damages or double interest, attorney fees, and costs simply by paying the

09   delinquent contributions before entry of judgment in a § 1132(g)(2) action brought to recover

10   delinquent contributions."   *Iron Workers Dist. Council*, 68 F.3d at 1506.   As stated by one

11   court: "Permitting delinquent employers to avoid paying § 1132 penalties after suit is filed . . .

12   would largely thwart the purpose of § 1132(g)(2) to provide plan fiduciaries with an effective

13   weapon against delinquent employers. It would also anomalously cause only employers with

14   legitimate legal arguments (. . . awaiting final judgment) to pay ancillary relief." *Id.* at 1508

15   (internal citations omitted).   *Accord UAW Local 259 Soc. Sec. Dep't*, 501 F.3d at 289 ("The

16   payment of interest compensates plans for one kind of cost[] incurred in connection with

17   delinquencies, that is, the loss of interest.   The purpose of the provision would be defeated if

18   we allowed employers to avoid paying interest simply by satisfying their debt moments before

19   the court issues judgment.") (quotation marks and quoted sources omitted).

20        Defendant unsuccessfully distinguishes the applicable, binding case law.   It notes that

21   *Northwest Adm'rs*, unlike this case, involved the entry of a judgment for unpaid contributions.

22   *See* 104 F.3d at 258 (noting judgment entered in the amount of $60,037.60, including

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -10

01   $42,821.62 in delinquent contributions).  However, it remains that the Ninth Circuit in that

02   case awarded liquidated damages and attorney's fees associated with both contributions that

03   remained deficient *and* those paid prior to the entry of judgment.  *Id*. at 257-58.  The Court

04   also explicitly rejected the contention that the mandatory fees provided for in § 1132(g)(2) may

05   not be awarded in the absence of a judgment.  *Id*. at 258 ("'fees may be awarded even though

06   there is no judgment on the merits or when the dispute has become moot because relief is

07   otherwise obtained.'") (quoting *Lads Trucking Co. v. Board of Trustees of W. Conference of*

08   *Teamsters Pension Trust Fund*, 777 F.2d 1371, 1375 (9th Cir. 1985)).

09        At least one district court within the Ninth Circuit has applied the ruling in *Northwest*

10   *Adm'rs* to a case, like this one, in which unpaid contributions were voluntarily paid in full prior

11   to the entry of judgment.  *Trustees of the Constr. Indus. v. B Witt Concrete Cutting, Inc*., 685 F.

12   Supp. 2d 1158, 1163 (D. Nev. 2010) (finding an award of damages pursuant to § 1132(g)(2)

13   mandatory even where delinquent contributions were paid prior to judgment; stating that the

14   Ninth Circuit has "squarely rejected" the interpretation of the Sixth Circuit on this issue) (citing

15   *Northwest Adm'rs*, 104 F.3d at 258, and *In re Michigan Carpenters Council Health & Welfare*

16   *Fund*, 933 F.2d at 388).[3]  *See also Fanning v. Langenfelder Marine, Inc.*, No. 07-2182 (PLF),

17   2010 U.S. Dist. LEXIS 29827 at *4-6 (D. D.C. Mar. 29, 2010) (finding employer who paid all

18   delinquent contributions after suit filed liable for twenty percent of the amount due pursuant to

19   § 1132(g)(2)).  As with cases involving partial payments of delinquent contributions, the

20

---

21   3 Plaintiff provides several unpublished district court decisions from the Ninth Circuit recognizing that
liquidated damages may be awarded even where unpaid contributions are tendered prior to the entry of
22   judgment.  (Dkt. 16, Exs. A-C.)  However, those cases also involved other outstanding unpaid
contributions.  (*See id.*)

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -11

01    conclusion that liquidated damages may be collected following the full payment of delinquent

02    contributions supports the underlying purpose of § 1132(g)(2) and avoids the possibility that an

03    employer may evade its obligations under this provision simply by paying delinquent

04    contributions at some point prior to the entry of a judgment.  Defendant's contention that §

05    1132(g)(2) is inapplicable because it paid all outstanding delinquent contributions prior to the

06    entry of a judgment, therefore, fails.

07                         <u>CONCLUSION</u>

08         In sum, the Court finds no issues of fact regarding either the enforceability of the

09    collective bargaining and trust agreements at issue in this case or plaintiff's entitlement to the

10    total amount of liquidated damages, interest, and attorneys' fees sought.  Accordingly,

11    plaintiff's motion for summary judgment is hereby GRANTED and plaintiff awarded

12    liquidated damages in the amount of $3,329.17, interest in the amount of $1.99, and attorney's

13    fees in the amount of $6,361.75.

14         DATED this 7th day of September, 2010.

15

16                        <u>/s/ Mary Alice Theiler</u>
                            MARY ALICE THEILER

17                        United States Magistrate Judge

18

19

20

21

22

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -12